Case No. 2:14-cv-07799 -BRO

---

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

THE BEST SERVICE CO., INC.

Appellant,

v.

EMILY ANN BAYLEY

Appellee.

---

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO DIVISION
1:14-BK-10868-VK

JUDGE VICTORIA KAUFMAN

---

## OPENING BRIEF OF APPELLANT THE BEST SERVICE CO., INC.

Clark Garen SBN 50564
Rachel Zwernemann SBN 286515
THE LAW OFFICES OF CLARK GAREN
(Salaried Employees of The Best Service Co., Inc.)
6700 S. Centinela Ave., 3rd Floor
Culver City, CA 90230
310-391-0800
Attorneys for Appellant, The Best Service Co., Inc.

# TABLE OF CONTENTS

I.     BASIS OF APPELLATE JURISDICTION.......................................................1

II.    STATEMENT OF ISSUES PRESENTED........................................................1

III.   STANDARD OF REVIEW.............................................................................3

IV.   STATEMENT OF THE CASE........................................................................4

V.    SUMMARY OF ARGUMENT.......................................................................8

VI.   ARGUMENT...................................................................................................9

      A.    The plain language of the Automatic Stay does NOT support that an

             Intentional Violation occurred in this case...........................................9

      B.    The language of the Los Angeles Sheriff Department's Notice of

             Bankruptcy Procedures mirrors the language of the Automatic Stay

             and supports Appellant's position.......................................................14

      C.    Case law supports that Appellant Best did not intentionally violate the

             Automatic Stay....................................................................................16

      D.    Where the Bankrupt has an available remedy of to seek a turnover

             order from the Bankruptcy Court, public policy favors and requires a

             decision for appellant in order to preserve the rights of the Bankruptcy

             Court and the Bankruptcy Trustee in controlling the disposition of

             property included in the Bankruptcy Estate.........................................18

VII.  CONCLUSION..............................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)........................................3, 4

*In re Ducich*, 385 F. Supp. 1287 (C.D. Cal. 1974)................................10, 11, 16, 17

*In re Miller*, No. 11_26914 ABC, 2011 WL 6217342
    (Bankr. D. Colo. Dec. 14, 2011)............................................................17, 18

*In re Taylor*, 599 F.3d 880 (9th Cir. 2010)..................................................................3

## Rules

Fed. R. Bankr. P. 8013.................................................................................................1

## Statutes

11 U.S.C. § 362(a).........................................................................................*passim*

11 U.S.C. § 362(a)(2)...............................................................................................9, 10

11 U.S.C. § 362(a)(3)...............................................................................................10, 11

11 U.S.C. § 362(a)(4)....................................................................................................11

11 U.S.C. § 362(a)(5)...............................................................................................11, 12

11 U.S.C. § 362(a)(6)....................................................................................................12

28 U.S.C. § 158(a)(1)...............................................................................................1, 3

## I.      BASIS OF APPELLATE JURISDICTION

Pursuant to 28 U.S.C. § 158(a)(1) final orders of the Bankruptcy Court may be appealed to the District Court.  The order granting a Motion for Intentional Violation of the Automatic Stay is a final decision immediately appealable. According to Federal Rule of Bankruptcy Procedure 8013, "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.

## II.     STATEMENT OF ISSUES PRESENTED

1.  In its order of September 23, 2014, did the Bankruptcy Court err in granting Debtor Emily Ann Bayley's Motion for Intentional Violation of the Automatic Stay Against The Best Service Co., Inc.?

2.  In its order of September 23, 2014, did the Bankruptcy Court err in ordering The Best Service Co., Inc. to pay compensatory damages in the amount of $4,527.18 made payable to Simon Resnik Hayes, LLP within 14 days of entry of the order?

3.  Did the Bankruptcy Court properly conclude that The Best Service Co., Inc. intentionally violated the Automatic Stay when during the Automatic Stay created after filing of Emily Ann Bayley's Bankruptcy, the Debtor's attorney

demanded The Best Service Co., Inc. to instruct the levying officer to release pre-petitioned funds held by the levying officer without the Debtor first obtaining an order from the Bankruptcy Court directing the levying officer to turnover funds?

4.  Does the Automatic Stay require a creditor to comply with a request by the attorney for the bankruptcy to instruct the Los Angeles County Sheriff as the levying officer in possession of funds *in custodia legis* to turnover the funds held directly to the debtor without first obtaining a specific order from the Bankruptcy Court specifically authorizing such turnover?

5.  Is it an intentional violation of the automatic stay for a creditor to refuse to comply with a request by the attorney for the bankruptcy to instruct the Los Angeles County Sheriff as the levying officer in possession of funds *in custodia legis* to turnover the funds held directly to the debtor without first obtaining a specific turnover order from the Bankruptcy Court specifically authorizing such turnover?

6.  Was the finding of the Bankruptcy Court that The Best Service Co., Inc. intentionally violated the automatic stay by refusing to comply with a request by the attorney for the bankrupt to instruct the Los Angeles County Sheriff as the levying officer in possession of funds *in custodia legis* and turnover the funds held directly to the debtor without first obtaining a specific order from the Bankruptcy Judge

specifically authorizing such turnover an abuse of discretion when a published opinion of a Judge of the Central District of California holds that complying with this request would itself constitute a violation of the automatic stay?

7.  Was the refusal of the Bankruptcy Court to follow a published opinion of a Judge of the Central District of California on the grounds that it was an old 1974 case even though there had been no change in the law or issuance of controlling and contradictory precedent from any other court in the Ninth Circuit an abuse of discretion?

8.  Was the decision of the Bankruptcy Court to reward the attorneys for the bankrupt with attorney fees for initiating this extensive litigation when a simple *Ex Parte* application to the Bankruptcy Court directing the Los Angeles County Sheriff as the levying officer to release the funds *in custodia legis* to the bankrupt an abuse of discretion?

## III.    STANDARD OF REVIEW

The District Court is vested with appellate jurisdiction over the rulings of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  The bankruptcy court's "conclusions of law are reviewed *de novo*, and its findings of fact are reviewed for clear error."  *In re Taylor*, 599 F.3d 880, 887 (9th Cir. 2010).  A bankruptcy court necessarily abuses its discretion on an erroneous view of the law or clearly

3

erroneous factual findings.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404-05 (1990).

## IV.     STATEMENT OF THE CASE

Appellant Best obtained a judgment in the amount of $12,806.34 against Appellee Emily Ann Bayley in the Superior Court of California, County of Ventura on or about August 22, 2011. [ER[1] tab 4 pg 050 EOD 47].  On or about January 27, 2014, an execution garnishment was served by the Los Angeles County Sheriff on the bank account of Appellee Emily Ann Bayley at Bank of America pursuant to the Writ of Execution. [ER tab 4 pgs 050-051, 055-056, 058 EOD 47; ER tab 1 pgs 017-019 EOD 30].  Thereafter, on or about February 4, 2014, funds from Appellee's bank account in the amount of $4,000.00 were released to the Los Angeles County Sheriff as the levying officer. [ER 4 at pgs 051, 058 EOD 47].  When Appellee Emily Ann Bayley filed for Chapter 13 Bankruptcy on February 20, 2014, the funds *in custodia legis* that were held by the Los Angeles County Sheriff became property of the Bankruptcy Estate and subject to control by the Bankruptcy

---

[1]"ER" as used within this Brief shall reference the Excerpt of Record within "Appellant's Appendix 1 to this Opening Brief (Excerpt to the Record)." Construction of references: "tab" shall represent the identified tab number within the Appendix; "pg" or "pgs" shall represent the bates stamp number on the lower right hand corner of the page preceded by "TBSC AP"; and EOD shall represent the Entry on Bankruptcy Court Docket number.

Court. [ER tab 1 pgs 005-006, 024 EOD 30].  Best received a Notice of Bankruptcy

Procedures from the County of Los Angeles Sheriff's Department which gave

instructions for the judgment creditor, judgment debtor, and trustee. [ER tab 5 pgs

066-067, 071-072 EOD 49].  These instructions included the statement:

> "Judgment Creditor: If you oppose the Sheriff turning over the property to
>
> the trustee, you must obtain a bankruptcy court order directing otherwise.
>
> Judgment debtor: If you seek the return of property, you must obtain a
>
> bankruptcy court order directing the Sheriff to return the property to you.
>
> Unless the Sheriff's Department receives an Order Avoiding Lein or court
>
> order directing otherwise, the Sheriff will transfer or sell the property to the
>
> judgment creditor after the automatic stay is terminated.
>
> Bankruptcy Trustee: Upon your request, the property will be turned over to
>
> you, unless the bankruptcy court orders otherwise..."
>
> [*Id.* at 071-072 EOD 49].

Instead of complying with the written instructions from the Los Angeles County

Sheriff, and instead of applying for an order directing the Los Angeles County

Sheriff to release the funds it was holding to the debtor, Counsel for Appellee Emily

Ann Bayley unilaterally instructed Appellant Best to instruct the Sheriff to release

the funds without ever receiving a turnover order from the Bankruptcy Court or

5

instructions directly from the Trustee. [ER tab 1 pgs 032-034 EOD 30].  As part of

their unsanctioned demand for Appellant to instruct the Sheriff to release the

Bankrupt's levied funds and also for Sheriff to individually release funds,

Appellee's counsel mistakenly attached and referenced a Order Granting Motion to

Avoid Lien which applied solely to Appellee Emily Ann Bayley's property located

at 1466 Calle Morera, Thousand Oaks, CA 91360. [*Id*. at 026-029 EOD 30].  The

Motion to Avoid Lien was therefore presumably[2] rejected by the Sheriff as failing

to have or constitute any authority to release the funds directly to the Appellee

levied from Appellee's bank account and was also rejected by Appellant on the

 same grounds in this regard. [ER tab 1 pg 011, 026-029 EOD 30; ER tab 31 pgs

280-282].  In any case, the Sheriff refused to release the funds solely at the direction

---

[2] The Sheriff's reasoning for not releasing the funds is to the Debtor upon
Appellee's Attorney's request on April 15, 2014 is not readily apparent.  No
writing detailing the Sheriff's reasoning existed or was not made available by
Appellee's counsel to the Bankruptcy Court.  Appellee's attorney states that his
assistant Maria Escobar was told by the Sheriff that the Creditor had to direct the
release of funds, but no explanation was ever given why exactly the Sheriff itself
didn't comply outright with the request of Appellee's attorney. [ER tab 1 pgs 008-
009, 011, 022, 026-029; ER tab 9 pg 102 EOD 9]  Appellant's counsel can only
assume that it was because the Order Granting Motion to Avoid Lien was for the
Bankrupt's <u>real property</u>, not her bank account.  The Bankruptcy Court requested
clarification on this point by Appellee's counsel at the hearing on June 3, 2014,
however the requested clarification was never provided in Appellee's subsequent
filings. [ER 31 pgs 280-282]. The Bankruptcy Judge also eludes to the inadequacy
of the instructions given to the Sheriff by Appellee during the September 9, 2014
hearing. [ER 32 pg 304].

of the Bankrupt's attorney.  When Counsel for Appellant advised Counsel for Appellee Bayley that they needed to obtain an order from the Bankruptcy Court directing the release of funds *in custodia legis*, Appellee's counsel instead filed their Motion for Intentional Violation of the Automatic Stay Against Appellant Best on April 28, 2014 and on September 23, 2014, the Bankruptcy Court entered an order finding that Appellant had violated the Automatic Stay and directing Appellant to pay compensatory damages in the amount of $4,527.18 to Appellee's Counsel. [ER tab 1 pg 039 EOD 30; ER tab 12 pg 121-122 EOD 62].

At no time did Appellant Best assert it had any right to the funds *in custodia legis* or oppose the release of those funds to the debtor. [ER tab 7 pg 088-089 EOD 57].  The only argument Best made was that it could not exercise control over property of the estate by directing the Los Angeles County Sheriff to release Bankrupt Estate Property to the debtor in the absence of a specific order issued by the Bankruptcy Judge or Trustee authorizing such action by Appellant Best.

On October 2, 2014 Appellant Best filed its Notice of Appeal of the September 23, 2014 Order Granting Appellee's Motion for Intentional Violation of Automatic Stay and its Separate Statement of Election to Appeal to the District Court. [ER tab 17 pgs 182-184 EOD 70; ER tab 18 pg 186-187 EOD 71].  On or about October 15, 2014, Appellant Best timely filed its Notice of Transcripts,

Designation of the Record on Appeal and the Statement of Issues on Appeal. [Please take notice of Bankruptcy Court Docket for case 1:14-bk-10868-VK for date 10/15/2014].

## V.    SUMMARY OF ARGUMENT

Appellant Best is appealing the September 23, 2014 order on the Motion for Intentional Violation of Automatic Stay brought by Debtor Emily Ann Bayley. Appellant Best maintains the position that the moment the debtor files the petition for Bankruptcy, all property of the debtor becomes in legal custody of the Bankruptcy Court as part of the Estate.  11 U.S.C. §541.  As such no creditor has the legal right to change the status or transfer such property back to the Bankrupt unless directed by either the Bankruptcy Court or the Trustee.  An Intentional Violation of the Automatic Stay cannot be found in this case and the Bankrupt's counsel in this case cannot have the unprecedented power to unilaterally instruct a creditor to take action to release pre-petitioned funds during an Automatic Stay without authority from either the Bankruptcy Court or the Trustee.

/ /

## VI.   ARGUMENT

### A.   THE PLAIN LANGUAGE OF THE AUTOMATIC STAY DOES NOT SUPPORT THAT AN INTENTIONAL VIOLATION OCCURRED IN THIS CASE.

The Automatic Stay allowed during Bankruptcy is codified in 11 U.S.C. § 362(a).  Each of these statutory provisions enumerating intentional violations requires some affirmative act by the creditor after the filing of Bankruptcy.  The sections applicable[3] to this case are in bold below and their application to the facts of this case are as follows.

> **"Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Protection Act of 1970, operates as a stay applicable to all entities of -**
>
> **(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;"**

---

[3]11 U.S.C. § 362(a)(1) is not included in this paragraph due to its inapplicability to this case.  No party has alleged violations of the Automatic Stay by Appellant Best due to commencement or continuation of an action after the filing of Bankruptcy by Appellee.

**11 U.S.C. § 362(a), 362(a)(2)**

Here, Appellant Best has not only <u>not</u> enforced any judgment against the debtor or property or property of the estate, but Appellant Best took the affirmative step of notifying the levying officer of the Bankruptcy filing and the Automatic Stay. [ER tab 4 pgs 051, 059].  Therefore no violation of 11 U.S.C. § 362(a)(2) can be construed.

**(3) any act to obtain possession of property of the estate or property from the estate or to exercise control over the property of the estate;**

**11 U.S.C. § 362(a)(3)**

Here, Appellant Best has not engaged in any act to obtain any property of the estate or exercised any control of the property of the estate.  In fact, complying with Appellee's Counsel's request to instruct the levying officer to release property without a specific order from the Bankruptcy Court or the Trustee would constitute a violation of the Automatic Stay.  This fact is supported by the 1974 case from the United States District Court of the Central District, *In re Ducich*, 385 F. Supp. 1287, 1291 (C.D. Cal. 1974), which held that "…Release of a writ of execution is an affirmative action which is precluded by the stay until the Bankruptcy Court has ordered the Judgment Creditor to release the writ of execution…"  *In re Ducich* is the governing authority for this precise issue in the United States District Court for

the Central District of California and it is wholly consistent with the idea that any affirmative action taken by a creditor to exercise dominion and control over property in possession of a levying officer is a violation of the stay.  The Bankruptcy Court refused to consider *In re Ducich* due to the age of the case and stated at the hearing on September 9, 2014 that the case  "just isn't convincing...when it's from the 1970s." [ER tab 32 pg 300]  However, the law of *In re Ducich* is still controlling as no other case in the Circuit has stated otherwise.  As a result, no violation of 11 U.S.C. § 362(a)(3) can be found.

**(4) any act to create, perfect, or enforce any lien against property of the estate or property from the estate;**

**11 U.S.C. § 362(a)(4)**

Here, Appellant Best has engaged in no act to create, perfect, or enforce any lien against the property of the estate.  Rather, Best's actions in this case can only be interpreted to preserve the status quo of all property at the time of Appellee's filing of Bankruptcy and to allow the Bankruptcy Court or Trustee to determine the rightful disposition of property included in the Estate.  Therefore, again under this section, no violation of the Automatic Stay by Appellant occurred.

**(5) any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the**

**commencement of the case under this title;**

**11 U.S.C. § 362(a)(5)**

As stated above, Best has not engaged in any act to create, perfect, or enforce against property of the debtor any lied to the extent that such lien against the property of the debtor.  It is also notable that at the time of Appellee's Attorneys' request for Appellant to instruct the Sheriff to release the property, no applicable authority was given to Appellant showing that the property held *in custodia legis* by the Sheriff was found to be exempt by the Bankruptcy Court.  The only authority given to Appellant and the Sheriff was an Order Granting Avoidance of Lien for real property not associated with the bank account of Appellee under levy and a blanket demand by the Bankrupt's attorney citing no legal authority allowing Bankrupt's attorney to make such a demand for return of property straight to the debtor.

**(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;**

**11 U.S.C. § 362(a)(6)**

Appellant Best has not engaged in any act to collect, assess, or recover any claim against Appellee Bayley.  Under the facts of this case, as outlined clearly in the record, Appellant Best has continuously maintained that it never had possession of the funds in question and it is the position of Appellant Best that direction must come

12

directly from the Bankruptcy Court or the Trustee prior to release of funds directly to the debtor which are rightful property of the Bankruptcy Estate.

None of these provisions makes the failure of Appellant Best to instruct the levying officer to release funds obtained pre-petition without a specific Court Order so directing an intentional violation of the Automatic Stay.  Based on the undisputed facts of this case, Appellant Best's instructions to the Sheriff to hold funds already *in custodia legis* pending instructions from the Bankruptcy Court or the Trustee cannot be found to have violated the Automatic Stay.  Appellant Best never had possession of the property and never took any action after the filing of the Bankruptcy to enforce its judgement, take possession of the Bankrupt's property, or to collect or recover in any way from the Bankrupt.  Clearly absent from the language of 11 U.S.C. § 362(a) is any requirement to return pre-petitioned funds held *in custodia legis* of the levying officer directly to the debtor after the filing of Bankruptcy without any instruction by the Bankruptcy Court or Trustee.

The plain language of the Automatic Stay is designed to maintain the status quo of all property of the debtor at the time of the filing of Bankruptcy so that the Bankruptcy Court or the Trustee may then determine the disposition of such funds. Under the facts of this case Appellant Best complied with the Automatic Stay. Appellant Best was never in possession of the levied funds and never acted to change

13

the status of the funds already *in custodia legis* of the Sheriff.  In fact, by releasing

funds directly to the Bankrupt (as suggested by Bankrupt's Counsel), the Bankruptcy

Court and Trustee would lose control over the funds rightfully included in the Estate.

As here, where the plain language of the statute can simply not support or be applied

to the facts to interpret any violation, Appellant Best cannot be found to have violated

the Automatic Stay.  Appellee's attorneys have dangerously and improperly

expanded the true requirements of the Automatic Stay 11 U.S.C. § 362(a) to include

the ability of the Bankrupt's attorney to act without authority and choose the

disposition of funds belonging to the Estate.  The Appellee wrongfully seeks

approval of this Court to direct creditors to follow any instructions of the Bankrupts'

attorneys regarding this disposition of pre-petitioned property where authority under

the Bankruptcy Code for the Bankrupt's Attorney to make such decisions and order

such action clearly does not exist.

**B.**    **THE LANGUAGE OF THE LOS ANGELES SHERIFF**

**DEPARTMENT'S NOTICE OF BANKRUPTCY PROCEDURES MIRRORS**

**THE LANGUAGE OF THE AUTOMATIC STAY AND SUPPORTS**

**APPELLANT'S POSITION.**

On February 20, 2014, following Appellee's filing of Bankruptcy, the Los

Angeles County Sheriff sent a copy of the Notice of Bankruptcy Procedures to all

14

parties. [ER Tab 5 pgs 071-072 EOD 49].  The notice instructed the Judgment

Creditor as follows: "if you oppose the Sheriff turning over the property to the

trustee, you must obtain a bankruptcy order directing otherwise." [*Id*.]. The notice

instructed the Bankrupt or Judgment Debtor: "if you seek the return of property, you

must obtain a bankruptcy court order directing the Sheriff to return the property to

you.  Unless the Sheriff's Department receives an order avoiding lien or court order

directing otherwise, the Sheriff will transfer or sell the property to the judgment

creditor after the stay is terminated." [*Id*.].  The Los Angeles County Sheriff's Notice

of Bankruptcy Procedures are a trusted source of proper bankruptcy procedure

because they derive directly from the State of California and an administrative body

processing Bankruptcy notice on a daily basis.  Further, these instructions mirror the

language of the Automatic Stay 11 U.S.C. §362(a), and 11 U.S.C. §541 which states

that the filing of Bankruptcy creates an Estate.  As such, based on the facts of this

case, no violation of the Automatic Stay can be found where Appellant followed the

precise instructions issued by the Los Angeles County Sheriff's office which mirror

the Bankruptcy Code.


/ /

15

### C.   CASE LAW SUPPORTS THAT APPELLANT BEST DID NOT INTENTIONALLY VIOLATE THE AUTOMATIC STAY.

There is no prevailing case law or authority that a creditor willfully violates an Automatic Stay by failing to direct a levying officer *in custodia legis* of pre-petitioned funds to release those funds directly to the debtor at the request of the Bankrupt's attorney.  Rather, case law supports that Appellant Best in fact complied with the Automatic Stay.  Upon receiving notice of Appellee's filing of Bankruptcy on February 20, 2014, Appellant Best immediately sent the Sheriff holding funds notice and requested that the Sheriff continue to hold any funds pending further instruction from the Bankruptcy Court or Bankruptcy Trustee.  Thereafter, Creditor Best took no affirmative action in its collection efforts as prescribed by 11 U.S.C. 362(a).

There is no 9th Circuit precedent on this issue.  There are not even any 9th Circuit trial court cases supporting Appellee's claim that Appellant violated the Automatic Stay.  However, as discussed previously, there is a 1974 case from the United States District Court of the Central District that states a creditor actually *violates* the Automatic Stay by releasing a levy.  In the case of *In re Ducich*, 385 F. Supp. 1287, 129 (C.D. Cal. 1974), the Sheriff refused to issue a direction to release the garnished funds to the Bankrupt's employer.  The debtor's attorney filed a motion

16

for contempt.  The District Judge held that "...Release of a writ of execution is an affirmative action which is precluded by the stay until the Bankruptcy Court has ordered the Judgment Creditor to release the writ of execution…" The District Court's conclusion validates Appellant Best's position in this case.  *In re Ducich* is consistent with the idea that any affirmative action taken by a creditor to exercise dominion and control over property of the estate in possession of a levying officer *in custodia legis* is a violation of the Automatic Stay.  Thus, Appellant Best in its effort to maintain the status quo after the Appellant's filing of bankruptcy cannot be interpreted to be a violation of the Automatic Stay.

Further the Court in *In re Miller*, No. 11-26914 ABC, 2011 WL 6217342 (Bankr. D. Colo. Dec. 14, 2011), supports Appellant Best's position that Courts around the country are split on the issue at the core of Best's appeal.  The Court in *Miller* stated:

"...Recognizing that courts are split on the question of whether the automatic stay requires a secured creditor holding property of a debtor, which is validly seized pre-petition, to affirmatively act to turn the property over to the debtor or immediately seek relief from stay or move for adequate protection, **this court believes that the better view is that a creditor's refusal to release garnished funds to the potential detriment of its lien rights in those funds,**

**does not violate the automatic stay**...”

(emphasis added) *Id* at *3.

The Court in *Miller* supports Appellant's position on this issue that a creditor does not violate the Automatic Stay when it acts in accordance with the Bankruptcy Code and waits for an order from either the Bankruptcy Court or the Trustee before releasing funds during an Automatic Stay.  Creditors similarly situated with Creditor Best and located in the ninth circuit need a clear decision relating to the order on appeal which involves issues clouded by conflicting court decisions and the practices of certain administrative bodies such as the Los Angeles County Sheriff's Department.

**D.   WHERE THE BANKRUPT HAS AN AVAILABLE REMEDY TO SEEK A TURNOVER ORDER FROM THE BANKRUPTCY COURT, PUBLIC POLICY FAVORS AND REQUIRES A DECISION FOR APPELLANT IN ORDER TO PRESERVE THE RIGHTS OF THE BANKRUPTCY COURT AND THE BANKRUPTCY TRUSTEE IN CONTROLLING THE DISPOSITION OF PROPERTY INCLUDED IN THE BANKRUPTCY ESTATE.**

If Appellant is denied this appeal, creditors in this jurisdiction may be forced to act by parties never empowered or meant to be empowered by Congress's enactment

18

of the Bankruptcy Code.  Further, if a creditor makes a mistake and wrongly complies with a request by a debtor to release property under levy to debtor, the creditor will ultimately be held liable for damages or violation of the Automatic Stay by the Bankruptcy Court and the Trustee.  The creditor could also be liable for damages for not releasing property of a debtor under levying.  Under the current law, the Debtor has an adequate remedy which is to obtain an order of the Court or the Bankruptcy Trustee for a release of funds.  Obtaining this turnover order is not overly burdensome for the bankrupt; rather, it is absolutely necessary in order for the Bankruptcy Court and the Trustee to keep control over the Bankruptcy estate, which is what Congress intended.

Bankruptcy is meant as an extraordinary remedy for those in dire financial circumstances to have a fresh start.  Requiring the Bankrupt to acquire an order from the Bankruptcy Court or Trustee before directing a creditor to act in the situation of an Automatic Stay is not overly burdensome where such relief only requires an *Ex Parte* application and is a minor effort compared to the clean slate which those filing for bankruptcy may ultimately receive.  It is surely possible that allowing Bankruptcy Attorneys and the Bankrupt to unilaterally direct creditors to release funds may lead to such a significant erosion of the power of the Bankruptcy Court that severe abuse of remedy of Bankruptcy may occur by consumers.

19

The appeal at hand has been taken to prevent Best and creditors alike from being put in the untenable position of taking direction from the Bankrupt and Bankrupts' Attorneys who will then be empowered to act unchecked in instructing creditors to act during Bankruptcy proceedings.  A clear decision from this Court is necessary to serve the interests of other creditors who are plagued by being forced to abide by the Bankrupts' Attorneys' interpretations of the law and the unchecked authority given to the Bankrupt and their Attorneys in Bankruptcy Proceedings.

## IV.   CONCLUSION

The plain language of the Automatic Stay codified in 11 U.S.C. 362(a) does not support that an Intentional Violation of the Automatic Stay occurred in this case and nowhere in the Bankruptcy Code does the requirement asserted by Appellee exist for Appellant Best to direct the Sheriff to turnover funds never in possession of Appellant and without the authority of the Bankruptcy Court or the Trustee.  The appealed order of September 23, 2014 granting Appellee's Motion for Intentional Violation of the Automatic Stay and awarding sanctions to be paid to Appellee's Attorneys is an outcome which is <u>unsupported</u> by the Bankruptcy Code,  applicable case law, or the procedure of a key administrative law enforcement body of the state of California.  Based on the facts and arguments set forth above, the Bankruptcy Court erred in granting Appellee's Motion for Intentional Violation of the Automatic

Stay and awarding sanctions.  The Court should reverse the order of September 23, 2014 and remand to the Bankruptcy Court with instructions to award Creditor's attorney fees.

Appellant Best also requests that the docket in this case be corrected to reflect Emily Ann Bayley as the proper Appellant as designated in Appellant's Notice of Appeal and Separate Statement of Election to the District Court.[4]

Dated: December 9, 2014

Rachel Zwernemann
LAW OFFICES OF CLARK GAREN
(Salaried Employees of The Best Service Co., Inc.)
Clark Garen SBN 50564
Rachel Zwernemann SBN 286515

Attorneys for the Appellant,
The Best Service Co., Inc.

---

[4]This appeal which was docketed in the Central District as 2:14-cv-7799-BRO was improperly docketed to list Simon Resnik Hayes LLP as the Appellee.  The correct listing for Appellee should be Emily Ann Bayley. Nowhere in Appellant's notice of appeal or separate statement of election did Appellant Best list Simon Resnik Hayes LLP as a party to the appeal.  In fact it is impossible that Simon Resnik Hayes LLP could be listed as a party to this appeal because they were never a party to the underlying Bankruptcy action.  Simon Resnik Hayes LLP is not a party to this appeal because they would not have had standing to bring the Motion for Intentional Violation of Automatic Stay Against Best in the first place.

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P.

     32(a)(7)(B) because this brief, according to Word Perfect, contains 5,229

     words, excluding the parts of the brief exempted by Fed. R. App. P.

     32(a)(7)(B)(iii).


2.   This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5)

     and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief

     has been prepared in 14-point Times New Roman in Word Perfect , which I

     understand to be a proportionally spaced typeface.


Dated: December 9, 2014

                                        Rachel Zwernemann
                                     LAW OFFICES OF CLARK GAREN
                          (Salaried Employees of The Best Service Co., Inc.)
                                     Clark Garen SBN 50564
                                   Rachel Zwernemann SBN 286515

                                          Attorneys for the Appellant,
                                          The Best Service Co., Inc.