USDC Appeal: 2:14-cv-07799-BRO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re EMILY ANN BAYLEY,

Debtor

THE BEST SERVICE CO., INC.,

Appellant,

v.

EMILY ANN BAYLEY,

Appellee.

Appeal from the United States Bankruptcy Court
Bankruptcy Case no. 1:14-bk-10868-VK

## APPELLEE'S OPENING BRIEF

KEVIN T. SIMON (SBN: 180967)
MATTHEW D. RESNIK (SBN: 182562)
DONNA R. DISHBAK (SBN: 259311)
SIMON RESNIK HAYES LLP
15233 Ventura Blvd., Ste 250
Sherman Oaks, CA. 91403
Email: kevin@SRHlawfirm.com
Email: matt@SRHlawfirm.com
Email: donna@SRHlawfirm.com
Tel: 818-783-6251
Fax: 818-783-6253

## Table of Contents

1. STATEMENT OF JURISDICTION ....................................................................1

2. STANDARD OF REVIEW ...............................................................................1

3. STATEMENT OF ISSUES ...............................................................................2

4. STATEMENT OF THE CASE ..........................................................................2

5. ARGUMENT ...................................................................................................7

   a.   The Creditor's plain language analysis is incorrect. ......................................7

   b.   The Creditor's relies on inapplicable authorities to bolsters its misguided plain language analysis. ..........................................................................9

   c.   The Sheriff's instructions have no legal bearing; the Creditor nevertheless interfered with even such instructions and the law does not allow the Creditor to hide behind the Sheriff. ................................................................11

   d.   The Creditor misunderstands the law, there is no ambiguity about the Ninth Circuit's position on this issue.................................................................13

   e.   The law is clear that the burden of compliance is upon the Creditor and should not be placed upon the Debtor. ..............................................................14

   f.   The Creditor fails to appreciate the distinction between a Chapter 7 debtor and a Chapter 13 debtor-in-possession. ..............................................................15

   g.   The Debtor is entitled to an additional award of attorney's fees for prosecution of the instant appeal. .........................................................................17

6. CONCLUSION .................................................................................................19

CERTIFICATE OF COMPLIANCE .....................................................................20

(Federal Rules of Appellate Procedure 32(a)(7)(C) AND Local Rule 8009-4.1) ...20

CERTIFICATION OF INTERESTED PARTIES (LOCAL CIVIL RULE 7.1-1) .21

NOTICE OF RELATED CASES (LOCAL CIVIL RULE 83-1.3) ........................22

# TABLE OF AUTHORITIES

## Cases

*Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen )*, 300 F.3d 1097, 1101 (9th Cir.2002) ............................................................................................................ 1

*Eskanos & Adler, P.C. v. Leetien* (9th Cir. 2002) 309 F.3d 1210, 1216. ................... 13, 14

*Gebhart v. Gaughan (In re Gebhart )*, 621 F.3d 1206, 1209 (9th Cir.2010) ..................... 1

*In re Bradford*, 112 B.R. 347, 351 (9th Cir. BAP 1990)............................................... 2

*In re Cohen* (B.A.P. 9th Cir. 2004) 305 B.R. 886, 894 .................................................. 16

*In re Colortran, Inc.* (B.A.P. 9th Cir. 1997) 210 B.R. 823, 827-28 aff'd in part, vacated in part,  (9th Cir. 1998) 165 F.3d 35 ............................................................... 10, 14

*In re Davies*, 494 B.R. 453, 462 (Bankr. C.D. Cal. 2013) ............................................ 1

*In re Del Mission Ltd.* (9th Cir. 1996) 98 F.3d 1147, 1151-52 (citing to *In re Abrams* (B.A.P. 9th Cir. 1991) 127 B.R. 239, 243) ............................................................ 15

*In re Ducich*, 385 F. Supp 1287, 1291 (C.D. Cal. 1974)............................................... 9

*In re Hardesty*, 442 B.R. 110, 115 (Bankr. N.D. Idaho 2010) ........................................ 12

*In re Hernandez* (Bankr. S.D. Cal. 2012) 468 B.R. 396, 405 aff'd on other grounds, (B.A.P. 9th Cir. 2012) 483 B.R. 713 ..................................................................... 13

*In re Johnson*, 262 B.R. 831, 848 (Bankr. D. Idaho 2001) ............................................ 12

*In re Miller*, 22 B.R. 479, 481 (D.Md 1982) ................................................................ 15

*In re Miller*, No. 11_26914 ABC, 2011 WL 6217342 (Bankr. D. Colo. Dec. 14, 2011) ..9, 10

*In re Mu'min*, 374 B.R. 149, 168 (Bankr. E.D. Pa. 2007) .............................................. 9

*In re Schwartz-Tallard* (B.A.P. 9th Cir. 2012) 473 B.R. 340 *aff'd*, (9th Cir. 2014) 751 F.3d 966 *opinion withdrawn and superseded*, (9th Cir. 2014) 765 F.3d 1096 reh'g en banc granted, (9th Cir., Dec. 19, 2014, 12-60052) 2014 WL 7238219 and aff'd, (9th Cir. 2014) 765 F.3d 1096 and *reh'g en banc granted* (9th Cir., Dec. 19, 2014, 12-60052) 2014 WL 7238219. ........................................................................... 17

*McCaffey Canning Co. v. Bank of Am.*, 109 Cal.App. 415, 423–24, 294 P. 45 (Cal.Ct.App.1930)............................................................................................ 12

*Morgan Guar. Trust Co. of New York v. American Sav. and Loan Ass'n* (9th Cir. 1986) 804 F.2d 1487, 1491. ........................................................................................ 8

*U.S. v. Whiting Pools, Inc.* (1983) 462 U.S. 198 [103 S.Ct. 2309, 76 L.Ed.2d 515] ........ 16

## Statutes

11 U.S.C. § 1303 and 1306(b) ................................................................................ 15

11 U.S.C. § 362(k)(1) ........................................................................................... 17

11 U.S.C. §362(a) ................................................................................................. 7

11 U.S.C. §542 ..................................................................................................... 16

28 U.S.C. § 158 .................................................................................................... 1

28 U.S.C. §§ 151(a), 157(b) and 1334 ...................................................................... 1

## Rules

Fed. R. Bankr.P. 8013................................................................................................ 1

Appellee, EMILY ANN BAYLEY (hereinafter referred to as "Appellee" or "Debtor" or "Bayley"), by and through her counsel of record, MATTHEW D. RESNIK, KEVIN T. SIMON and DONNA R. DISHBAK, does hereby submit the following Opening Brief of Appellee:

## 1. STATEMENT OF JURISDICTION

This appeal arises from an order of the United Stated Bankruptcy Court for the Central District of California granting the Debtor's Motion for Intentional Violation of the Automatic Stay Against The Best Service Co., Inc., its Successors and/or Assigns. (hereinafter referred to "Subject Motion")  The Subject Motion was opposed by THE BEST SERVICE CO., INC., a creditor, (hereinafter referred to as "Appellant" or "Creditor" or "TBSC").

The Subject Motion was an adjudication of matters pertaining to the automatic stay.  The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 151(a), 157(b) and 1334. The Debtor agrees that the Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

## 2. STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr.P. 8013; *Gebhart v. Gaughan (In re Gebhart )*, 621 F.3d 1206, 1209 (9th Cir.2010)  (citing *Abele v. Modern Fin. Plans Servs., Inc. (In re Cohen )*, 300 F.3d 1097, 1101 (9th Cir.2002)).  A court's

imposition of sanctions for willful violation of the automatic stay is reviewed for an abuse of discretion.  *In re Bradford*, 112 B.R. 347, 351 (9th Cir. BAP 1990).

## 3. STATEMENT OF ISSUES

a.    Did the Creditor engage in a willful violation of the automatic stay by instructing the Sherriff to continue to hold levied funds and not instructing the Sherriff to release the levied funds back to the estate?

b.    Did the Creditor have an affirmative duty to turnover property of the estate to either the Debtor or the Trustee without demanding that the Debtor obtain an express Court order for turnover?

## 4. STATEMENT OF THE CASE

Appellee is the Debtor in the underlying chapter 13 bankruptcy case filed on February 20, 2014.  [AR[1] tab 33, pg 1-13, EOD#1].  The Honorable Victoria S. Kaufman was assigned as the Judge to the case. [AR tab 39, pg 212].

On or about January 27, 2914, a notice of levy was mailed to the Debtor seeking collection of approximately $15,179.38.  [ER tab 1, pg 17, EOD#30].  As a result of the levy, the Sherriff received $4,000 from the Debtor's bank account.

---

[1] "AR" as used within this Brief shall be used to reference the Appellee's Excerpt of Record within "Appellee's Appendix 1 to this Opening Brief". Construction of references: "tab" shall represent the identified tab # within he Appendix; "pg" shall represent the bates stamp # on the bottom center of the page preceded by "BAYLEY"; and EOD shall represent the Entry on Bankruptcy Court docket # (See Tab 31 for docket).  "ER" will continue to refer to "Appellant's Appendix 1 to its Opening Brief."

[ER tab 1, pg 18-19, EOD#30].  On February 20, 2014, the Debtor filed her bankruptcy case while the funds were still on the possession of the Sheriff and immediately provided notice to both the Creditor and the Sheriff.  [ER tab 1, pg 21-24, EOD#30].

Having received notice of the bankruptcy on February 20, 2014, the Creditor responded by sending a letter that same day to the Sheriff explicitly instructing the Sheriff to continue to assert control over the funds.  [ER tab 4, pg 59, EOD#47].

On March 6, 2014, the Debtor filed the remainder of her bankruptcy schedules in a timely fashion within 14 days from the filing of the bankruptcy case.  [AR tab 39, pg 214].  Within the bankruptcy schedules, the Debtor listed on Schedule B the funds which were levied by the Sheriff and further claimed an exemption on such funds within Schedule C.  [AR tab 34, pg 19 and pg 21, EOD#12].

On March 18, 2014, the Debtor filed a motion to avoid the lien of TBSC to remove the lien recorded on her property and render the debt wholly unsecured.  [AR tab 35, pg 57-126, EOD#16].  The motion was granted and the TBSC debt was rendered wholly unsecured; the court order was entered on April 15, 2014.  [AR tab 37, pg 204-208, EOD#23].  The Debtor immediately faxed a copy of the order to the Sheriff that same day. [ER tab 1, pg 26-32, EOD#30].  On April 16,

2014, the Debtor also served a copy of the order avoiding the lien on TBSC at various addresses by mail.  [AR tab 38, pg 209-211, EOD#24].

On April 22, 2014, Maria Escobar from the office of Debtor's counsel followed up with a phone call to the Sherriff, who advised that the Creditor had not authorized release of the levy.  [ER tab 1, pg 11, EOD#30].  Ms. Escobar called Creditor's attorney's office and was further advised that the Creditor would not instruct the Sherriff to release the levy. [ER tab 1, pg 11, EOD#30].  Debtor's counsel responded by sending a letter to the Creditor advising that a sanctions motion would follow if the Creditor did not instruct the Sherriff to release the levy. [ER tab 1, pg 34-37, EOD#30].  That same day, the Creditor's attorney responded that it had no obligation to instruct the Sherriff to release the levy and indicated a belief that the funds belonged to the trustee.  [ER tab 1, pg 39-40, EOD#30].

On April 28, 2014, the Debtor filed the Subject Motion seeking sanctions for intentional violation of the automatic stay; a hearing was set for June 3, 2014.  [AR tab 39, pg 216-217].  On May 27, 2014, the Creditor filed its opposition to the Subject Motion, which included only a declaration and exhibits, but no legal authority.  [ER tab 4, pg 50-64, EOD#47].  On June 3, 2014, the day of the hearing, the Creditor filed points and authorities in support of its opposition.  [ER tab 5, pg 66-72, EOD#47].  The Court continued the hearing for further briefing, to allow the Debtor to respond to the Creditor's late filing and for the Debtor to

provide evidence of the cost of bringing the Subject Motion for the purpose of calculating damages. [ER tab 31, pg 240-243, Transcript].

On June 12, 2014, the Debtor's attorney filed a declaration evidencing the cost of trying to remedy the violation of the automatic stay and further information regarding the failure of ongoing negotiations to have the levied funds returned to the Debtor's estate.  [ER tab 6, pg 72-86, EOD#56].

On June 17, 2014, the Creditor filed an offer of compromise pursuant to rule 7068 in which the Creditor offered to instruct the Sherriff to release the funds if the Debtor waives any claim to damages for the violation of stay.  [ER tab 7, pg 88-90, EOD#57].  On July 24, 2014, the Creditor filed a supplemental opposition brief. [ER tab 8, pg 92-99, EOD#58].  On July 28, 2014, the Debtor filed a reply brief. [ER tab 9, pg 101-107, EOD#59].

On August 14, 2014, the Court conducted a second hearing on the Subject Motion and concluded that the Creditor was in willful violation of the automatic stay for its failure to instruct the Sherriff to release the funds.  [ER tab 32, pg 245-259, Transcript].  On September 23, 2014, the Court entered an order granting the Subject Motion, awarding the Debtor $4,527.18 in damages payable within 14 days and ordering the Sherriff to release the levied funds to the Debtor.  [ER tab 12, pg 121-122, EOD#62].

On October 2, 2014, the Creditor filed a notice of appeal and a motion for stay pending appeal. [AR tab 39, pg 223]. On October 6, 2014, the motion for a stay pending appeal was denied. [AR tab 39, pg 223]. Judge Kaufman's order denying the request for a stay pending appeal included a detailed memorandum of the law governing the creditor's obligations to comply with the automatic stay in the present set of facts. [ER tab 22, pg 162-168, EOD#75].

Notwithstanding the detailed analysis by the Court and the denial of the motion for a stay pending appeal, the Creditor did not pay the Court ordered damages. The Creditor admitted that it was intentionally failing to comply with the Court's order out of concern that payment of the damages would moot its pending appeal. [ER tab 27, pg 195-196 and 214-215, EOD#80]. The Debtor responded by seeking contempt sanctions against the Creditor. [ER tab 27, pg 188-220, EOD#80]. On November 21, 2014, the Court entered an order granting the Debtor's contempt motion. The Court further ordered the Creditor to post a $100,000 bond to guarantee the Debtor's ongoing damages throughout the instant appeal. [AR tab 39, pg 228].

## 5. ARGUMENT

**a**.     **The Creditor's plain language analysis is incorrect.**

The Creditor engages in an extensive discussion of the plain language of 11 U.S.C. § 362(a) but without meaningful analysis.  Section 362(a) provides that the bankruptcy "operates as a stay, applicable to all entities, of –

> (1) the **commencement or continuance, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor** that was or could have been commenced before the commencement of the case under this title, or **to recover a claim against the debtor** that arose before the commencement of the case under this title;
>
> (2) **the enforcement, against the debtor or against property of the estate, of a judgment** obtained before the commencement of the case under this title;
>
> (3) **any act to obtain possession of property of the estate** or of property from the estate **or to exercise control over property of the estate**;
>
> (4) **any act to create, perfect, or enforce any lien against property of the estate**;
>
> (5) **any act to create, perfect, or enforce against property of the debtor any lien** to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) **any act to collect, assess, or recover a claim against the debtor** that arose before the commencement of the case under this title;…"

The actions taken by the Creditor in this case, qualify under at least one of these categories, if not all.  The basis of the levy is a superior court judgment, which the Creditor seeks to enforce by employ of the Sherriff in "continuance…of a judicial…action…to recover a claim against the debtor…" as described in subsection (a)(1).  Such action can also be unequivocally characterized under subsection (a)(2) as "the enforcement, against…property of the estate, of a

judgment." The Sherriff's retention of levied funds at the instruction of the Creditor is furthering the enforcement of a judgment.  Even if the Creditor is not acting to obtain release of the funds to itself, the Creditor is nonetheless engaging in an "act…to exercise control over property of the estate" as described in subsection (a)(3).  Presumably, the Creditor here is also attempting to protect its lien rights as prohibited by subsections (a)(4) and (5).  Finally, subsection (a)(6), protects debtors from collection actions generally.   If anything, the plain language reading of the code begs the conclusion reached by many courts, namely, that the automatic stay is to be construed broadly.  *Morgan Guar. Trust Co. of New York v. American Sav. and Loan Ass'n* (9th Cir. 1986) 804 F.2d 1487, 1491.

The Creditor continued to exert sole control of the funds by instructing the Sherriff to continue to hold onto such funds.  [ER tab 4, pg 59, EOD#47].  While the Creditor's argument is somewhat unclear, it can best be interpreted as relying on the Sherriff as some third party neutral custodian of the Debtor's funds on behalf of the estate.  This logic ignores the glaring fact that the Sherriff here is taking instructions solely from the Creditor via orders obtained in furtherance of its collection action against the Debtor.  The Creditor is using the Sherriff to exert continuing control over property of the estate and demanding that the Debtor engage in legal process to effectuate turnover of such funds.  The Ninth Circuit in *Morgan Guar. Trust Co.*, pointed out that a creditor violates the automatic stay

when it requires affirmative action by the debtor to protect its interest.  *Id.* at 1491.

The purported plain language analysis here also ignores an entire body of law that

describes the affirmative steps a creditor must take to be in compliance with the

automatic stay.

**b**.      **The Creditor relies on inapplicable authorities to bolsters its misguided plain language analysis.**

The only cases that the Creditor provides in support of this notion that it

may employ the Sherriff to keep funds out of the Debtor's hands are:  *In re Ducich*,

385 F. Supp 1287, 1291 (C.D. Cal. 1974) and *In re Miller*, No. 11_26914 ABC,

2011 WL 6217342 (Bankr. D. Colo. Dec. 14, 2011).   *Ducich* is a 1974 case that

analyzes the automatic stay provisions within Bankruptcy Rules 401 and 601.

Such provisions were replaced by 11 U.S.C. §362 with the Bankruptcy Reform Act

of 1978.  The law regarding the automatic stay was further modified in 2005 when

BAPCPA legislatively eroded the availability of a "good faith" defense to

automatic stay violations.   *In re Mu'min,* 374 B.R. 149, 168 (Bankr. E.D. Pa.

2007).  Judge Kaufman's refusal to rely on *Ducich*, even if merely on the basis of

its age, would certainly be merited because the law regarding the automatic stay

has met with at least two statutory revisions since 1974.  In support of its plain

language analysis, the Creditor offers a case that interprets a different set of rules

that predate the code section at issue.

The Creditor also seeks support from *Miller*, a post-BAPCPA decision by a Colorado Bankruptcy Judge with no binding effect on this Court.  While this case is indeed far more contemporary, *Miller* relies upon Colorado law regarding the creation of a lien and articulates the Tenth Circuit's position on whether or not a creditor may demand adequate protection prior to turning over property to the debtor.  *Miller* at 3.  The Ninth Circuit disagrees with the Tenth Circuit on this issue surrounding the right to demand adequate protection prior to a turnover.  *In re Colortran*, 210 B.R. 823 (9th Cir. BAP 1997)(A creditor may not demand adequate protection as a condition of turning over property of the estate, even if turnover may extinguish its lien rights.).  But, the Creditor here did not argue that it was seeking to protect lien rights pursuant to California law, nor did it offer to release the levy in exchange for adequate protection.  Moreover, the Debtor affirmatively moved to extinguish such lien rights and met no opposition by the Creditor.  The legal analysis in *Miller* could potentially be relevant if the Creditor had demanded adequate protection, but that is not the case here and it is not the law in this circuit.  Instead, the Creditor rests its laurels on the theory that it must not turn over property of the estate without an express court order and further that the Creditor was not exercising control over property in the Sherriff's possession.  This argument is unequivocally incorrect and the Creditor has failed to offer any relevant support for such a proposition.

**c.    The Sheriff's instructions have no legal bearing; the Creditor nevertheless interfered with even such instructions and the law does not allow the Creditor to hide behind the Sheriff.**

The Creditor claims to rely on the Sheriff's instructions in support of its position that it rightfully instructed the Sheriff to continue to hold the funds at issue. [ER tab 5, pg 71-72, EOD#49].  First, it's worth noting that the Sheriff's instructions indicate that funds would be turned over to the trustee, but the Creditor interfered with even this form of turnover.  Second, the Sheriff's instructions indicated that being served a lien avoidance order would also accomplish a release. The Debtor here served the Sheriff with a lien avoidance order and the Creditor further interfered with that directive.  The Creditor's argument regarding compliance with the Sheriff's instructions meets no factual support in the record.

Implicit in the Creditor's argument, as indicated by a footnote in its opening brief, is the idea that perhaps the Sheriff was acting unilaterally.  Footnote 2 indicates that the Debtor did not present evidence as to the Sheriff's rationale for not turning over the funds.  While the Creditor concedes that the Debtor's counsel provided evidence in the form of a declaration of Maria Escobar as to her conversation with the Sheriff's regarding the levy, it also simultaneously questions this declaration but never made any evidentiary objection before the Bankruptcy Court. [ER tab 1, pg 11, EOD#30]  Moreover, by the Creditor's own admission, it affirmatively instructed the Sheriff to continue to hold the funds.  [ER tab 4, pg

59, EOD#47].  The evidence thus supports a conclusion that the Sheriff was not

acting unilaterally, but entirely at the instruction of the Creditor.

　　　The notion that the Sherriff acted unilaterally and was not under the control

of the creditor has been argued and decided against creditors in other cases.

"Under these circumstances, Debtors cannot now hide behind the Sheriff when the

Sheriff was merely following their directions. Under these circumstances,

Creditors are guilty of violating the automatic stay." *In re Johnson*, 262 B.R. 831,

848 (Bankr. D. Idaho 2001).  This reasoning was followed by a similar holding that

"[o]nce a creditor commences legal proceedings, it cannot disown all responsibility

for actions taken by other parties in furtherance of the action." *In re Hardesty*, 442

B.R. 110, 115 (Bankr. N.D. Idaho 2010).  Non-bankruptcy law also validates the

conclusion that the Creditor was indeed exerting control of the funds by and

through the Sherriff.  See also *McCaffey Canning Co. v. Bank of Am.*, 109

Cal.App. 415, 423–24, 294 P. 45 (Cal.Ct.App.1930) ("While the property was in

the custody of the sheriff, it was constructively in the possession of plaintiff

through the sheriff as his agent.")  Attempting to pass responsibility to the Sherriff

here does not serve to absolve the Creditor of its liability.

**d.   The Creditor misunderstands the law, there is no ambiguity about the Ninth Circuit's position on this issue.**

The Creditor offers a theory that it has no affirmative duty to instruct turnover of levied funds to the bankruptcy estate absent a court order.  Rather, the Creditor suggests that it would be in violation of the automatic stay by making any changes in the status quo absent a court order.  The law in the Ninth Circuit absolutely requires compliance by a creditor and places the onus upon a creditor to obtain a court order to the contrary.  *Eskanos & Adler, P.C. v. Leetien* (9th Cir. 2002) 309 F.3d 1210, 1216.  (Section 362(a) imposes an affirmative duty upon a creditor to discontinue post-petition collection actions without delay.).  The Creditor here simply misunderstands the law by relying only on *Ducich*.

By such reliance, the Creditor overlooks cases such as *In re Hernandez* (Bankr. S.D. Cal. 2012) 468 B.R. 396, 405 aff'd on other grounds, (B.A.P. 9th Cir. 2012) 483 B.R. 713.  (Upon receiving notice of the Debtor's bankruptcy petition, the creditor had an affirmative obligation to cease its collection procedures and notify the Sheriff to return the property.)  The bankruptcy judge in *Hernandez* further engaged in a detailed analysis under California law of the lien rights of a creditor on levied funds concluding that the bankruptcy estate retained an interest in such funds that were in the possession of the Sheriff.  *Hernandez* at 402.  Moreover, the opinion explains how the Debtor's claim of exemption on such funds is also valid.  *Hernandez* at 403.  The uncontested exemption stands valid in

the face of a Sherriff levy, thus it is unclear how the Creditor here reaches a conclusion that this fact scenario was not contemplated within the Ninth Circuit. *Ducich* is not the controlling law on this issue.

**e.     The law is clear that the burden of compliance is upon the Creditor and should not be placed upon the Debtor.**

The Ninth Circuit opinion in *Eskanos* emphasized the import of a creditor's affirmative compliance with the automatic stay by upholding sanctions against a creditor who delayed dismissing a state court collection action. *Eskanos* at 1215. Moreover, the Ninth Circuit Bankruptcy Appellate Panel has made clear its position that the onus is on the creditor to comply or obtain a court order to the contrary: "If the creditor is concerned that its interest will be irreparably harmed if the property is turned over before the motion for relief form stay can be heard, it may request an emergency hearing under § 362(f). In all cases, however, any prerequisite to turnover is determined by the bankruptcy court, not by the creditor." *In re Colortran, Inc.* (B.A.P. 9th Cir. 1997) 210 B.R. 823, 827-28 aff'd in part, vacated in part,  (9th Cir. 1998) 165 F.3d 35.

While the Creditor seems to argue that the Debtor's estate should carry the burden of the cost of restoring such property to the bankruptcy estate, this suggestion has no legal support.  To the contrary, courts of routinely cited a major policy interest that the debtor not carry such burden. *In re Miller*, 22 B.R. 479, 481

(D.Md 1982)(Placing the onus on the debtor to affirmatively recover property seized in violation of the stay subjection the debtor to unreasonable financial pressure.)  "Moreover, 'the case law and the legislative history of § 362 indicate that Congress did not intend to place the burden on the bankruptcy estate to absorb the expense of potentially multiple turnover actions, at least not without providing a means to recover damages sustained as a consequence thereof.'" *In re Del Mission Ltd.* (9th Cir. 1996) 98 F.3d 1147, 1151-52 (citing to *In re Abrams* (B.A.P. 9th Cir. 1991) 127 B.R. 239, 243).  The assertion that the debtor must incur attorney's fees to obtain a court order to recover property of the estate is just wrong.  Holding otherwise elicits a policy that favors preserving such funds for one particular creditor over the pool of unsecured creditors as a whole.  This runs contrary to the purpose and intent of the bankruptcy code.

**f.     The Creditor fails to appreciate the distinction between a Chapter 7 debtor and a Chapter 13 debtor-in-possession.**

One glaring inconsistency in the Creditor's brief is that it asserts a willingness to turnover property of the estate a trustee, but fails to do so. [ER tab 1, pg 39-40, EOD#30].  The Debtor, having filed a Chapter 13 petition, acts as a "debtor-in-possession" and retains control and operation of the bankruptcy estate. 11 U.S.C. § 1303 and 1306(b).  The debtor-in-possession performs many of the functions of a trustee and holds many of those powers concurrently.  *In re Cohen*

(B.A.P. 9th Cir. 2004) 305 B.R. 886, 894. ("Thus, it is pointed out that the legislative history behind § 1303 explains that the list of exclusive powers 'does not imply that the debtor does not also possess other powers concurrently with the trustee.'")

The Creditor also ignores that 11 U.S.C. § 542 mandates turnover of property of the estate to the trustee.  This mandate applies even if the property at issue was seized prepetition.   *U.S. v. Whiting Pools, Inc.* (1983) 462 U.S. 198 [103 S.Ct. 2309, 76 L.Ed.2d 515].  While the Creditor seems to believe that the rights to said funds belonged to the Trustee, it failed to appreciate that in a Chapter 13 case the debtor retains many of the functions as the trustee, including retention and control over property of the estate.  Moreover, the Creditor's claims that it was preserving the funds for the trustee and/or the estate might hold some factual support had the Creditor opted to turn over the funds even to the Chapter 13 Trustee.  To the contrary, rather than ascertain whether it was more appropriate to turnover said funds to the trustee or the debtor-in-possession, the Creditor chose instead to continue to assert control of the funds to the exclusion of the estate. The actions taken by this Creditor contradict its own claims that it was acting in favor of the estate.

**g.**    **The Debtor is entitled to an additional award of attorney's fees for prosecution of the instant appeal.**

The Debtor has been forced by the Creditor to incur attorney's fees at all stages of this case. First, by the Creditor's insistence that the Debtor engage counsel to obtain a court order to secure turnover of levied funds which are property of the bankruptcy estate. Second, in its refusal to comply with the violation of stay order by failing to pay the awarded damages, the Creditor has forced to the Debtor to incur even more attorney's fees. Finally, the present appeal has caused further delay and expense to the Debtor as she is forced to defend the Court order which compensated her for costs necessitated by the Creditor's actions. The Ninth Circuit has previously authorized an award of attorney's fees incurred in defending an appeal challenging a determination that the automatic stay was violated. *In re Schwartz-Tallard* (B.A.P. 9th Cir. 2012) 473 B.R. 340 *aff'd*, (9th Cir. 2014) 751 F.3d 966 *opinion withdrawn and superseded*, (9th Cir. 2014) 765 F.3d 1096 reh'g en banc granted, (9th Cir., Dec. 19, 2014, 12-60052) 2014 WL 7238219 and aff'd, (9th Cir. 2014) 765 F.3d 1096 and *reh'g en banc granted* (9th Cir., Dec. 19, 2014, 12-60052) 2014 WL 7238219.

The award of attorney's fees is an express statutory mandate. 11 U.S.C. § 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."

The award of costs and attorney's fees are an express mandate of the code with the discretion being reserved only for punitive damages.  The Creditor herein is challenging the Court's determination that a stay violation took place and imposing a cost upon the bankrupt's estate to defend that decision.  In essence, the Debtor is defending the estate for its remaining creditors over the rights asserted by this lone Creditor.  Were it denied attorney's fees as the prevailing party for this necessary aspect of the process, then such cost would serve to further diminish the Debtor's estate beyond the extent of the original harm.  A creditor could simply assert its financially superior position with no deterrence and thus yield many unopposed victories.  In this framework, the attorney's fees award becomes not only a function of the plain language of the code, but also necessary compensation to rehabilitate the estate after the violation.

///

///

///

## 6. CONCLUSION

For the foregoing reasons, Debtor respectfully requests the Order of the Bankruptcy Court be affirmed and remanded for a determination of the amount of additional damages the Debtor has incurred through prosecution of the instant appeal.

Respectfully Submitted,

DATED:  December 23, 2014          **SIMON RESNIK HAYES LLP**


By:  /s/ Donna R. Dishbak
    Matthew D. Resnik
    Kevin T. Simon
    Donna R. Dishbak
    Counsel for Appellee,
    EMILY ANN BAYLEY

<u>CERTIFICATE OF COMPLIANCE</u>

<u>(Federal Rules of Appellate Procedure 32(a)(7)(C) AND Local Rule 8009-4.1)</u>

Counsel of Record hereby certifies that, pursuant to Federal Rules of Appellate Procedure, Rules 32(a)(7)(C), the attached Appellee's Opening Brief is double-spaced, types in Times New Roman proportionally spaced 14-point typeface, including footnotes and contains approximately 4,396 words, which is less than the total  of 14,000 words permitted by the rules of court.  Counsel relies on the word count of the computer program use to prepare this brief.

Counsel of Record hereby also certifies that pursuant to Local Rule 8009-4.1, the attached Appellee's Opening Brief contains fewer than 30 pages.

By: <u>/s/ Donna R. Dishbak</u>
Donna R. Dishbak, Attorney of Record for Appellee

<u>CERTIFICATION OF INTERESTED PARTIES (LOCAL CIVIL RULE 7.1-1)</u>

      The undersigned, counsel of record for Appellee, certifies that the following

listed party (or parties) may have a pecuniary interest in the outcome of this case.

These representations are made to enable the Court to evaluate possible

disqualification or recusal.

1. Emily Ann Bayley - Debtor
2. Simon Resnik Hayes LLP – Counsel for the Debtor
3. The Best Service Co., Inc. - Creditor

By: <u>/s/ Donna R. Dishbak</u>

Donna R. Dishbak, Attorney of Record for Appellee

<u>NOTICE OF RELATED CASES (LOCAL CIVIL RULE 83-1.3)</u>

The undersigned certifies that the following are known related cases and appeals:

In re Emily Ann Bayley (1:14-bk-10868-VK), Central District Bankruptcy Court, San Fernando Valley Division – Chapter 13 Bankruptcy – Active

The Best Service Co., Inc. v. Emily Ann Bayley-Lequire (56-2011-00397702-CL-CL-VTA), Superior Court Ventura County – Complaint – Judgment

By: <u>/s/ Donna R. Dishbak</u>

Donna R. Dishbak, Attorney of Record for Appellee

22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding.  My business address is:

**15233 Ventura Boulevard, Suite 250, Sherman Oaks, CA 91403**

A true and correct copy of the foregoing document entitled (*specify*): **APPELLEE'S OPENING BRIEF**will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/23/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Clark Garen: clarkgaren@msn.com
Kevin T. Simon: kevin@srhlawfirm.com
Matthew D. Resnik: matthew@srhlawfirm.com
Rachel Christine Zwernemann:rzwernemann@pcc-crs.com

☐   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/23/2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge's Copy: Hon. Beverly Reid O'Connell, 312 North Spring Street, Ctrm 14, Los Angeles, CA 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/14 | Maria Escobar | /s/ Maria Escobar |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |