JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER GRANTING MOTION FOR INTENTIONAL VIOLATION OF THE AUTOMATIC STAY

This matter is on appeal from the United States Bankruptcy Court for the Central District of California (the "Appeal"). Appellant-Creditor The Best Service Co., Inc. appeals the Bankruptcy Court's order granting Appellee-Debtor Emily Ann Bayley's motion for intentional violation of the automatic stay (the "Automatic Stay Order"). The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[1] After reading and considering the papers filed in connection with this Appeal, and for the reasons discussed below, the Court **AFFIRMS** the bankruptcy court's Automatic Stay Order.

### I.  BACKGROUND

On August 22, 2011, Appellant-Creditor The Best Service Co., Inc. ("Appellant" or "Best Service") obtained a $12,806.34 judgment against Appellee-Debtor Emily Ann Bayley ("Appellee" or "Bayley") in the Superior Court of California, County of Ventura. (ER 50.)[2]  The judgment was secured by a lien on Bayley's real property located at 1466 Calle Morera, Thousand Oaks, California, 91360. (AR 58.)[3]  Approximately two years

---

[1] Section 158(a)(1) grants district courts the jurisdiction to hear appeals "from final judgments, orders, and decrees."

[2] All citations to "ER" refer to Appellant's Appendix 1 to its Opening Brief.

[3] All citations to "AR" refer to Appellee's Appendix 1 to its Opening Brief.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

after the judgment, on September 30, 2013, the superior court issued a writ of execution. (ER 51, 55–56.) On January 27, 2014, the Los Angeles County Sheriff ("Sheriff") served an execution garnishment on Bayley's bank account. (ER 51, 58.) On February 4, 2014, the Sheriff levied $4,000 from the account. (ER 51, 58.)

Shortly thereafter, on February 20, 2014, Bayley filed a voluntary petition for Chapter 13 bankruptcy. (AR 1–13, 212–13.) She immediately notified Best Service and the Sheriff's department about the petition. (ER 21–24.) That same day, the Sheriff's department mailed a Notice of Bankruptcy Procedures (the "Notice") to the Chapter 13 trustee, Best Service, and Bayley. (ER 18–19.) The Notice stated that as the custodian in possession of property belonging to the bankruptcy estate, the Sheriff would release the $4,000 to the trustee upon request. (ER 18.) The Notice also stated that if Best Service opposed any release, or if Bayley sought the return of the property, the Sheriff would not act without an order from the bankruptcy court. (ER 18–19.)

After receiving notice of the bankruptcy petition, Best Service immediately contacted the Sheriff's department and requested that the Sheriff stay any further execution of the state court judgment. (ER 59.) But the letter also directed the Sheriff to hold all funds levied before Bayley filed for bankruptcy—the $4,000—"pending further instructions from the bankruptcy trustee or the judgment creditor (after bankruptcy discharge or dismissal)." (ER 59.)

Bayley completed her bankruptcy petition and filed the necessary schedules on March 6, 2014. (AR 14–56.) Bayley listed the $4,000 held by the Sheriff in Schedule B.[4] (AR 19.) Bayley claimed the $4,000 as exempt property pursuant to California's "wild card" exemption in Schedule C.[5] (AR 21.) Best Service did not object to the exemption. (ER 248.)

---

[4] A debtor filing for bankruptcy under Chapter 13 must complete Schedule B, which lists the debtor's personal property, its description and location, and its current value.

[5] When a debtor files for bankruptcy, all property in which the debtor holds a legal or equitable interest becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). But a debtor may exempt certain property from the estate. *See id.* § 522. "The effect of an exemption is that the debtor's interest in the property is 'withdrawn from the estate (and hence from the creditors) for the benefit of the debtor.'"

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

About one month later, Bayley filed a motion in the bankruptcy court to avoid the real property lien securing the state court judgment. (AR 57–61.) Best Service did not oppose the lien avoidance motion, and the bankruptcy court granted the motion on April 15, 2014, thereby rendering the lien void and unenforceable. (AR 204–08.) Later that day, Bayley notified the Sheriff's department about the order and requested that it "return all monies in [its] possession" to her. (ER 26.) The Sheriff's department responded that it would only return the $4,000 to Bayley upon Best Service's release. (ER 9.)

The parties conferred on April 22, 2014. Bayley's counsel explained its position that Best Service was in violation of the automatic stay and asked Best Service to direct the Sheriff to release the $4,000 bank levied funds. (ER 9.) Bayley's counsel also sent a letter demanding that the bank levy be released within forty-eight hours at the risk of a motion for sanctions for willful violation of the automatic stay. (ER 9, 34.) Best Service's counsel responded that Best Service had no authority to instruct the Sheriff's department to release the funds. Specifically, Best Service's counsel explained its position that the funds were the property of the trustee, and that the Sheriff was required to hold the funds pending resolution of the bankruptcy or further instruction from the trustee. (ER 39.)

Based on this disagreement and Best Service's representation that it could not instruct the Sheriff to release the funds, Bayley filed a motion for intentional violation of the automatic stay. (AR 216–17.) The bankruptcy court heard the motion on June 3, 2014 and continued the hearing for further briefing. (AR 217, 220; ER 231–43.) On September 9, 2014, the bankruptcy court held another hearing on the motion and

---

*Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206, 1210 (9th Cir. 2010) (quoting *Owen v. Owen*, 500 U.S. 305, 308 (1991)).

    A debtor may generally exempt property pursuant to state or federal law. *Sticka v. Applebaum (In re Applebaum)*, 422 B.R. 684, 687 (B.A.P. 9th Cir. 2009). But a state may "opt out" of the federal exemption scheme. *Id.* at 688. California has done so. Accordingly, a California debtor may only claim those exemptions provided for by California law. *See* Cal. Civ. Proc. Code § 703.140. California's exemptions "are similar but not identical" to the federal exemptions. *See In re Applebaum*, 422 B.R. at 688. For example, both California and federal law permit a "wild card" exemption, but California's exemption is larger than the federal exemption. *Compare* Cal. Civ. Proc. Code § 703.140(b)(5), *with* 11 U.S.C. § 522(d)(5).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

concluded that Best Service had willfully violated the automatic stay by failing to direct the Sheriff to release the $4,000 levied funds. (AR 221; ER 245–59.)

Shortly thereafter, on September 23, 2014, the bankruptcy court issued the Automatic Stay Order that is the subject of this Appeal. (ER 121–22.) Pursuant to the order, the bankruptcy court ordered Best Service to pay $4,527.18 in compensatory damages to Bayley's counsel. (ER 122.) The order also directed the Sheriff's department to immediately release the $4,000 in its possession to Bayley. (ER 122.)

On October 2, 2014, Best Service appealed the Automatic Stay Order to this Court. (AR 223; ER 135–41.) That same day, Best Service also filed a motion for stay pending appeal in the bankruptcy court. (AR 223; ER 146–52.) The bankruptcy court denied the motion. (ER 162–68.) Best Service then filed an ex parte application in this Court for a stay pending appeal. (Dkt. No. 8.)[6] The Court denied the motion on October 23, 2014. (Dkt. No. 10.)

Best Service failed to pay the compensatory damages to Bayley's counsel as required by the bankruptcy court's Automatic Stay Order. (ER 195–96.) Best Service apparently believed that doing so would moot its appeal. (ER 209–15.) As a result, Bayley filed a motion for an order to show cause regarding Best Service's failure to pay the compensatory damages. (ER 188–94.) On November 21, 2014, the bankruptcy court granted the motion and ordered Best Service to post a $100,000 bond. (AR 228.)

## II. STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *In re Gebhart*, 621 F.3d at 1209. "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (internal quotation marks omitted). Thus, a court's factual determination is clearly erroneous only if it is illogical, implausible, or "without support in inferences that may be drawn from

---

[6] All citations to the docket refer to this Appeal.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (internal quotation marks omitted).

Whether a party has violated the automatic stay is a question of law reviewed de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). "Whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error." *Id.* The amount of sanctions imposed for a willful violation is reviewed for an abuse of discretion. *Id.*

## III. DISCUSSION

Appellant Best Service identifies eight issues for consideration in this Appeal. (Appellant's Opening Br. ("AOB") 1–3.) Nevertheless, many of the issues overlap significantly, and Appellant has not directly addressed all of the issues in its Opening or Reply briefs. Accordingly, the Court will not individually discuss all eight issues. Rather, the Court has consolidated the issues and will address only the following two questions raised by this Appeal: (1) did the bankruptcy court err in concluding that Appellant violated the automatic stay by refusing to direct the Sheriff to release the levied funds in the absence of a turnover order from the bankruptcy court?; and (2) if not, did the bankruptcy court err in concluding that Appellant willfully violated the automatic stay? To the extent Appellant has framed arguments concerning these questions as separate issues on appeal, the Court addresses these arguments in its discussion below.

The Court begins with a brief summary of the automatic stay. The Court then considers whether Appellant violated the automatic stay and addresses Appellant's arguments in support of its position that it did not. Finding these arguments unpersuasive in light of § 362(a)'s plain language, Ninth Circuit case law, and public policy, the Court concludes Appellant violated the automatic stay. Thus, the Court also considers whether the violation was willful.

### A. The Automatic Stay

The Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, contains an automatic stay provision. *See* 11 U.S.C. § 362(a). The automatic stay preserves the status quo and "is

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

designed to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). As Congress has stated:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his [or her] creditors. *It stops all collection efforts, all harassment, and all foreclosure actions*. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Id.* at 572 (alteration in original) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6296–97). Accordingly, "[t]he Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay. Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay." *Id.*

The Bankruptcy Code also permits damages for willful violations of the automatic stay. *See* 11 U.S.C. § 362(k)(1).[7] A violation is "willful" where the party knows about the automatic stay and intentionally acts in violation of it. *Eskanos & Adler*, 309 F.3d at 1215. There is no requirement that the party specifically intend to violate the stay. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir. 1992). Moreover, "[w]hether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." *Id.* (quoting *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989)).

### B. Appellant Violated the Automatic Stay

Appellant contends that § 362(a)'s plain language does not support the conclusion that it violated the automatic stay by failing to direct the Sheriff to release the levied bank

---

[7] Section 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

funds. (AOB 9–14.) The Court begins with the statute's text. In interpreting § 362(a), the Court must determine "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. If the language is "unambiguous and the statutory scheme is coherent and consistent," the Court's inquiry must cease. *Id.* at 340 (internal quotation marks omitted).

Section 362(a) automatically stays:

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(2)–(6).[8] The Court need not address all five of these provisions because it concludes that by failing to direct the Sheriff to release the levied funds, Appellant violated § 362(a)(2) and (3).

### 1. Appellant Violated Section 362(a)(2)

Section 362(a)(2) is unambiguous. It plainly prohibits the enforcement of a pre-petition judgment against the debtor or property of the bankruptcy estate. "Enforcement" has been defined as "[t]he act or process of compelling compliance with a law, mandate,

---

[8] Appellant focuses on § 362(a)(2)–(6) and concedes that § 362(a)(1), (7), and (8) are inapplicable to this case. (*See* AOB 9 n.3, 10–14.)

Case 2:14-cv-07799-BRO   Document 19   Filed 01/14/15   Page 8 of 17   Page ID #:845

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

command, decree, or agreement." Black's Law Dictionary (9th ed. 2009). By instructing the Sheriff's department to retain the $4,000 levied from Appellee's bank account pursuant to the writ of execution, Appellant "compelled compliance with" and enforced the pre-petition state court judgment. To suggest that this directive was not an act of enforcement contradicts § 362(a)(2)'s plain meaning.

Appellant contends that it did not know Appellee had claimed an exemption for the $4,000 when she requested that it direct the Sheriff to release the funds to her. (*See* AOB 12). Appellant apparently believed Appellee had no right to demand the funds because they belonged to the bankruptcy estate. (*See* AOB 12–14). These arguments do not alter the Court's conclusion that Appellant violated § 362(a)(2) in light of the provision's plain meaning. Section 362(a)(2) makes no distinction between property belonging to the debtor and property belonging to the bankruptcy estate. The provision prohibits enforcement of a pre-petition judgment against either. *See* 11 U.S.C. § 362(a)(2). Accordingly, for purposes of § 362(a)(2), it is immaterial whether the $4,000 was properly claimed as exempt (and therefore belonged to Appellee), or whether the funds belonged to the bankruptcy estate. Section 362(a)(2) prohibits enforcement of the state court judgment in either case.

Nevertheless, to aid the Court's analysis of § 362(a)(3), which applies only to property of the estate, the Court finds it appropriate to consider the effect of Appellee's exemption claim. As detailed above, *see infra* n. 5, a debtor may exempt certain property, and the effect of an exemption is to remove the property from the bankruptcy estate. *In re Gebhart*, 621 F.3d at 1210. But "property is not summarily removed from the bankruptcy estate immediately upon the debtor's claim of exemption. Property that is entitled to be exempted is initially regarded as estate property until it is claimed and distributed as exempt." *Wells Fargo Bank, N.A. v. Jimenez*, 406 B.R. 935, 942 (D.N.M. 2008). Thus, property subject to a debtor's exemption remains property of the estate until the exemption is permitted or the time to object expires. *Id.* In this case, Appellee did not claim the $4,000 as exempt until filing her Schedule C on March 6, 2014. (AR 21.) The time to object expired on May 16, 2014, thirty days after the first creditor's meeting. *See* Fed. R. Bank. P. 4003(b)(1). Thus, the $4,000 was property of the estate when Appellant received notice of Appellee's bankruptcy, and § 362(a)(3) may apply.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

### 2. Appellant Violated Section 362(a)(3)

Section 362(a)(3)'s language is also clear and unambiguous. It specifically enjoins any act to exercise control over property of the estate. Although the Bankruptcy Code does not define the phrase "exercise control," the Ninth Circuit has interpreted this provision "as broadening the scope of § 362(a)(3) to proscribe the mere knowing retention of estate property." *Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996). The issue before the Court, then, is whether Appellant "retained" estate property by failing to direct the Sheriff to release the levied funds.

The Eighth Circuit has addressed the issue before the Court in a case that is factually similar to this one. *See Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989). In *In re Knaus*, the creditor obtained a pre-petition state court judgment and filed a writ of execution, pursuant to which the sheriff seized the debtor's property. *Id.* at 774. The sheriff was still in possession of the property when the debtor filed for bankruptcy. *Id.* The debtor demanded that the creditor return the property, but the creditor refused. *Id.* The bankruptcy court held that the creditor's failure to return the property upon the debtor's filing for bankruptcy violated the automatic stay. *Id.* The Eighth Circuit affirmed this decision on appeal, finding that the creditor had an affirmative duty to turn over the property once the debtor filed for bankruptcy, and that "[t]he failure to fulfill this duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over the property of the estate' in violation of the automatic stay." *Id.* at 775. The court further explained that a creditor's turnover duty "is not contingent upon any predicate violation of the stay, any order of the bankruptcy court, or any demand by the creditor." *Id.*

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has followed the Eighth Circuit's reasoning in *In re Knaus*. *See Abrams v. Sw. Leasing and Rental, Inc. (In re Abrams)*, 127 B.R. 239, 242 (B.A.P. 9th Cir. 1991) ("While *Knaus* is not controlling in this circuit, we find it persuasive for a number of reasons."). *In re Abrams* involved property that a creditor repossessed after the debtor filed for bankruptcy. *Id.* at 240.[9] The

---

[9] The Ninth Circuit BAP nevertheless concluded that the cases were "not materially distinguishable" and agreed with *In re Knaus* that there is "no relevant distinction" between the failure to return property seized pre-petition and the failure to return property seized post-petition. *Id.* at 242 n. 6.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

court concluded that by failing to return the repossessed property, the creditor exercised control over it and violated § 362(a)(3). *Id.* at 242–43. The Ninth Circuit later adopted *In re Abrams*'s reasoning. *See In re Del Mission*, 98 F.3d at 1151 ("We now adopt the reasoning of *Abrams* . . . and hold that the knowing retention of estate property violates the automatic stay of § 362(a)(3).").

Read together, these three decisions compel the conclusion that Appellant violated § 362(a)(3) by failing to direct the Sheriff to release the $4,000. Although it is not clear from the *In re Knaus* decision whether the creditor took possession of the seized property at some point after the debtor filed for bankruptcy, its reasoning applies in either case. *In re Knaus* stands for the principles that a creditor has an affirmative duty to return estate property, that this duty arises once the debtor files for bankruptcy, and that the failure to fulfill this duty constitutes an impermissible exercise of control in violation of the automatic stay under § 362(a)(3). 889 F.2d at 775. That a creditor does not physically possess the property does not necessarily dispel this duty. Here, Appellant had the authority to control the levied funds despite its lack of possession. Indeed, Appellant asserted this authority by directing the Sheriff to hold the $4,000 "pending further instructions from the bankruptcy trustee or the judgment creditor (after bankruptcy discharge or dismissal)." (ER 59.) The factual difference between a creditor's knowing possession and retention of estate property in cases like *In re Abrams* and *In re Del Mission* and Appellant's knowing refusal to direct the Sheriff to release the levied funds in this case is slight. In both circumstances, it is the creditor's *exercise of control*, not mere possession, that constitutes a violation of the automatic stay. By failing to direct the Sheriff to release the funds, Appellant exercised control over property of the bankruptcy estate. Accordingly, Appellant violated § 362(a)(3).

Two other cases, *In re Carlsen* and *In re Hernandez*, further support this conclusion. In *In re Carlsen*, the court explained that "[i]t is incumbent upon the creditor to release its lien without delay as soon as it is aware of the bankruptcy." 63 B.R. 706, 710 (Bankr. C.D. Cal. 1986). In finding that the Internal Revenue Service ("IRS") violated the automatic stay by receiving post-petition wages pursuant to a pre-petition garnishment, the bankruptcy court held that the IRS had an affirmative duty not only to cease garnishing the debtor's wages, but also to turn over those wages it had already received. *Id.* at 710–11 ("Positive action on the part of the creditor is required not only to

Case 2:14-cv-07799-BRO Document 19 Filed 01/14/15 Page 11 of 17 Page ID #:848

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07799 (BRO)** | Date | January 14, 2015 |
|---|---|---|---|
| Title | **IN RE EMILY ANN BAYLEY** | | |

halt the continuation of the garnishment, but to turn over to the trustee sums that it received from the garnishee."). The court also indicated that release to the debtor was appropriate where the debtor had exempted the property. *Id.* at 711.

*In re Hernandez* involved funds levied from a debtor's bank account pursuant to a writ of execution. 468 B.R. 396, 399 (Bankr. S.D. Cal. 2012). Just as in this case, the Sheriff still held possession of the levied funds when the debtor filed for bankruptcy, and the debtor claimed an exemption for the funds pursuant to California's wild card. *Id.* The court held that the automatic stay imposed an affirmative duty on the creditor "to cease its collection procedures and notify the Sheriff to return the property." *Id.* at 401, 405. The court further explained that, although the funds had been levied pre-petition, the debtor retained an interest in the funds at the time he filed for bankruptcy such that the funds were properly characterized as property of the estate. *Id.* at 401–04.[10] Moreover, turnover to the debtor was appropriate because of the debtor's claimed exemption. *Id.* at 404–05.

The Court agrees with the reasoning of *In re Carlsen* and *In re Hernandez* and concludes that Appellant had an affirmative duty not only to stay further execution of the state court judgment, but also to release the $4,000 levied from Appellee's bank account pre-petition. *In re Hernandez*, 468 B.R. at 401, 405; *In re Carlsen*, 63 B.R. at 710–11. Because the Sheriff retained possession of the $4,000 when Appellee filed for bankruptcy, this duty required Appellant to direct the Sheriff to release the funds. *In re Hernandez*, 468 B.R. at 405. Appellant's assertion that it had no authority to release the funds to Appellee as the debtor misses the mark. Because Appellant had an affirmative duty to direct the Sheriff to release the funds, Appellant's failure to do so violated the

---

[10] Under California law, a sheriff's levy under a writ of execution results in an execution lien rather than a transfer of ownership. *Id.* at 402 (citing Cal. Civ. Proc. Code § 697.710 ("A levy on property under a writ of execution creates an execution lien on the property from the time of levy until the expiration of two years after the date of issuance of the writ unless the judgment is sooner satisfied.")). A judgment is not satisfied until the levying officer releases the funds to the creditor. *Id.* (citing Cal. Civ. Proc. Code § 724.010). Accordingly, levied funds remain property of the bankruptcy estate until the levying officer releases the funds. *Id.* at 403.
    Here, Appellant has not asserted an ownership interest in the $4,000. Appellant concedes that the funds remained property of the bankruptcy estate. (*See* Appellant's Reply Br. ("ARB") 1) ("The property at issue was property of the estate.")

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07799 (BRO)** | Date | January 14, 2015 |
|---|---|---|---|
| Title | **IN RE EMILY ANN BAYLEY** | | |

automatic stay. Moreover, because Appellant did not object to Appellee's claim for an exemption, (*see* ER 248), release to Appellee was appropriate once the time to object expired. *See In re Hernandez*, 468 B.R. at 404–05; *In re Carlsen*, 63 B.R. at 711 (finding that turnover to the debtor was appropriate where the debtor had exempted the property). Accordingly, to the extent Appellant argues that the bankruptcy court erred in ordering it to release the funds to Appellee, this argument lacks merit.

Appellant contends that it did not violate the automatic stay because: (1) it did not have possession of the pre-petition levied funds; (2) it immediately notified the Sheriff's department about the bankruptcy and directed the department to stay all further execution of the state court judgment; and (3) it took no post-petition action to take possession of the $4,000 or further enforce the state court judgment. (AOB 9–14.) These arguments do not alter the Court's conclusion. As detailed above, a violation of the automatic stay does not require possession; a creditor's exercise of control over estate property constitutes a violation under § 362(a)(3). That Appellant did not physically possess the levied funds does not mean Appellant had no authority to exercise control over them. And the record reflects that Appellant possessed such authority. (ER 59.)

Moreover, that Appellant instructed the Sheriff's department to stay further execution of the state court judgment does not negate the fact that Appellant *also* instructed the Sheriff to retain the $4,000 levied before Appellee filed for bankruptcy. This instruction enforced the state court judgment and exercised control over estate property, thereby violating § 362(a)(2) and (3). As discussed above, Appellant had an affirmative duty to not only stay further execution, but also to turn over the levied funds. Appellant's failure to direct the Sheriff to release the $4,000 therefore violated the automatic stay. *See In re Hernandez*, 468 B.R. at 405. That Appellant requested a stay on further execution and took no other post-petition action with respect to the judgment shows only that Appellant did not engage in multiple violations of the automatic stay.

The Court's conclusion that Appellant violated § 362(a)(2) and (3) accords with the judicial practice of broadly construing the automatic stay. *See Morgan Guar. Trust Co. of N.Y. v. Am. Sav. and Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986) ("[C]ourts generally construe the automatic stay provisions broadly.") Consistent with the statute's plain language, the relevant case law, and Congress's intent that relief be automatic, such

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

that a debtor need not take steps to secure the benefits of the automatic stay, the Court concludes that Appellant had an affirmative duty to direct the Sheriff to release the levied funds, and that Appellant's failure to do so violated § 362(a). Accordingly, the bankruptcy court did not err in finding Appellant violated the automatic stay.

### 3. Appellant's Remaining Arguments Are Unpersuasive

Appellant raises several other arguments to support its position that it did not violate the automatic stay. First, Appellant argues that in situations like this case where a debtor's property is validly seized pre-petition, the debtor should be required to obtain an order from the bankruptcy court directing the property's release. (AOB 12–14, 18–20.) This argument fails because, consistent with Ninth Circuit law, the Court concluded that Appellant had an affirmative duty to turn over the levied funds to avoid violating the automatic stay. As the Ninth Circuit has repeatedly emphasized, "[t]he automatic stay plays a vital and fundamental role in bankruptcy." *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993). It "protects the debtor by allowing [the debtor] breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others." *Id.* As a result, a party seeking to exercise control over estate property "must obtain advance *relief* from the automatic stay." *Id.* at 586 (emphasis added). Thus, the burden is clearly on the *creditor* to seek relief from the stay. *See In re Schwartz*, 954 F.2d at 572 ("The Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay. Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay.") Requiring a debtor to obtain a turnover order from the bankruptcy court would improperly place the burden on the debtor to secure the automatic stay's protections. In light of Ninth Circuit precedent and the policy considerations underlying § 362(a), the Court declines to impose such a burden.

Appellant next directs the Court to the Sheriff's Notice. (AOB 14–15.) The Notice gives the following instruction regarding levied property to all judgment debtors who have filed for bankruptcy:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

> If you seek the return of the property, you must obtain a bankruptcy court order directing the Sheriff to return the property to you. Unless the Sheriff's Department receives an Order Avoiding Lien or court order directing otherwise, the Sheriff will transfer or sell the property to the judgment creditor after the automatic stay is terminated.

(ER 72.) Appellant contends that the Notice is a "trusted source of proper bankruptcy procedure" and that "no violation of the Automatic Stay can be found where Appellant followed the precise instructions issued by the Los Angeles County Sheriff's office." (AOB 15.) Having concluded that the relevant provisions of § 362(a) are clear and unambiguous, the Court need not look to sources outside the statute to interpret its meaning. *Robinson*, 519 U.S. at 340. Thus, to the extent Appellant suggests that the Court interpret § 362 in light of the Notice, the Court declines to do so. And to the extent Appellant argues that its compliance with the Notice suggests it did not violate the automatic stay, the Court wholly rejects this argument. The Notice does not have the force of law, and Appellant's compliance or noncompliance with it is entirely immaterial to the question of whether Appellant violated the automatic stay.

      Finally, Appellant cites two cases, *In re Ducich* and *Miller v. Montgomery Kolodny Amatuzio Dusbabek (In re Miller)*, to support its position that it did not violate the automatic stay. (AOB 16–18.) *In re Ducich*, 385 F. Supp. 1287 (C.D. Cal. 1974), interprets the automatic stay provisions in Bankruptcy Rules 401 and 601, which are predecessors to the current provisions set forth in § 362(a). In that case, a judgment creditor obtained a pre-petition writ of execution, pursuant to which the debtor's employer garnished funds from the debtor's earnings to be forwarded to the levying officer and creditor. *Id.* at 1289. After the debtor filed for bankruptcy, the judgment creditor failed to direct the levying officer to release the garnishment, and the officer continued to receive portions of the debtor's earnings. *Id.* The debtor filed a motion for contempt under Bankruptcy Rules 401 and 601. *Id.* The district court affirmed the bankruptcy court's finding that the debtor's employer and the levying officer had violated Bankruptcy Rules 401 and 601. *Id.* at 1290. The district court also concluded that the levying officer had no affirmative duty to release the writ of execution upon notice of the bankruptcy petition. *Id.* at 1291. The court found that "[r]elease of a writ of execution is an affirmative action which is precluded by the stay until the Bankruptcy Court has

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

ordered the Judgment Creditor to release the writ of execution." *Id.* Appellant relies on this second holding to argue that its refusal to direct the Sheriff to release the levied bank funds did not violate the automatic stay. (AOB 16–17.)

Despite Appellant's arguments to the contrary, *In re Ducich* is not dispositive. First, the case interprets outdated automatic stay provisions that the Bankruptcy Code has since replaced and recodified. Courts have previously declined to rely on cases interpreting the automatic stay provisions under the Bankruptcy Rules in considering whether certain actions violate the automatic stay under § 362(a). *See, e.g.*, *Watson v. City Nat'l Bank (In re Watson)*, 78 B.R. 232, 234 n.2 (9th Cir. 1987). Moreover, to the extent *In re Ducich* can be read to support the notion that a judgment creditor like Appellant must not release a writ of execution until the bankruptcy court has ordered it to do so, this notion does not accord with Ninth Circuit precedent explaining the purposes and goals of the automatic stay. The automatic stay and its accompanying protections are just that—automatic. A debtor has no obligation to take affirmative steps, such as procuring an order from the bankruptcy court, to secure the stay's broad and immediate protections. *In re Schwartz*, 954 F.2d at 572. Thus, to the extent *In re Ducich* imposes such a duty on the debtor, it is neither binding nor persuasive under current law.

*In re Miller* is similarly unpersuasive. Although that case adopts the position that a creditor's refusal to release pre-petition seized funds does not violate the automatic stay, *see* CV 11-35182, 2011 WL 6217342, at *3 (Bankr. D. Colo. Dec. 14, 2011), it relies on Colorado law and out-of-circuit precedent and is therefore not binding on this Court. After reviewing the relevant Ninth Circuit case law, the Court concludes that in-circuit precedent and the policy considerations underlying the automatic stay compel a different conclusion. The Ninth Circuit has consistently articulated its position that the automatic stay's purpose is to "alleviate the financial strains on the debtor," and that, accordingly, "the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor." *In re Del Mission*, 98 F.3d at 1151; *see also In re Schwartz*, 954 F.2d at 572; *In re Abrams*, 127 B.R. at 243 ("Congress did not intend to place the burden on the bankruptcy estate to absorb the expense of potentially multiple turnover actions.").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

For the foregoing reasons, the Court concludes that Appellant violated the automatic stay by failing to direct the Sheriff to release the $4,000. Accordingly, the bankruptcy court did not err in concluding the same.

### C. Appellant Willfully Violated the Automatic Stay

After finding that Appellant violated the automatic stay, the bankruptcy court ordered Appellant to pay $4,527.18 in compensatory damages to Appellee's counsel. These damages represented Appellee's attorneys' fees and costs incurred in filing the motion for intentional violation of the automatic stay. (ER 254–57.) As discussed above, the Bankruptcy Code provides for actual damages, including costs and attorneys' fees, where a party willfully violates the automatic stay. 11 U.S.C. § 362(k)(1); *Sternberg v. Johnston*, 595 F.3d 937, 946 (9th Cir. 2009) ("Congress intended § 362(k)(1) to permit recovery as damages of fees incurred to prevent violation of the automatic stay.") Appellant has not raised any arguments suggesting that it did not act willfully. (*See generally* AOB, ARB.) Indeed, Appellant does not contest that Appellee immediately notified it about the bankruptcy petition, and that Appellant therefore knew about the automatic stay. (ER 21–24, 59.) Nor does Appellant challenge whether it acted intentionally by instructing the Sheriff to retain the $4,000, despite the bankruptcy petition and the automatic stay's protection. (ER 59.)

Given these facts, the bankruptcy court did not err in concluding that Appellant willfully violated the automatic stay. Appellant's knowledge of the stay and intentional conduct support a finding of willfulness under § 362(k)(1). *See Eskanos & Adler*, 309 F.3d at 1215. Accordingly, the bankruptcy court did not err in ordering compensatory damages equal to Appellee's attorneys' fees and costs.[11]

### D. Appellee's Request for Additional Attorneys' Fees

---

[11] Appellant has not contested the amount of compensatory damages authorized by the Automatic Stay Order. (*See generally* AOB, ARB.) Accordingly, the Court will not consider whether the bankruptcy court erred in ordering Appellant to pay the amount of $4,527.18.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07799 (BRO) | Date | January 14, 2015 |
|---|---|---|---|
| Title | IN RE EMILY ANN BAYLEY | | |

Appellee requests that this Court award additional attorneys' fees incurred in connection with this Appeal and Appellant's continued refusal to pay compensatory damages pursuant to the Automatic Stay Order. (*See* Appellee's Opening Br. 17–18.) The Ninth Circuit has held that where a debtor defends a creditor's appeal of a finding that it violated the automatic stay, the debtor may recover attorneys' fees as actual damages under § 362(k)(1). *Am. Serv. Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 765 F.3d 1096, 1102 (9th Cir. 2014), *reh'g en banc granted*, No. 12-60052, 2014 WL 7238219 (9th Cir. Dec. 19, 2014).[12] Nevertheless, the issue of whether (and if so, in what amount) Appellee is entitled to additional attorneys' fees is not before the Court on Appeal. To the extent Appellee seeks an award under § 362(k)(1) to remedy Appellee's actual damages in connection with this Appeal, the bankruptcy court is the proper forum to decide the matter.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Appellant violated the automatic stay by failing to direct the Sheriff to release the $4,000 levied from Appellee's bank account before she filed the bankruptcy petition. The Court also concludes that Appellant's violation was willful. The Court therefore **AFFIRMS** the bankruptcy court's Automatic Stay Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[12] In *Sternberg*, the Ninth Circuit held that § 362(k)(1)'s provision for actual damages does not authorize attorneys' fees incurred "in pursuit of a damage award." 595 F.3d at 947 (Once the [automatic stay] violation has ended, any fees the debtor incurs after that point in pursuit of a damage award would not be to compensate for 'actual damages' under § 362(k)(1).") The court clarified in *In re Schwartz-Tallard* that the *Sternberg* rule "does not apply to a situation where a debtor defends herself when a creditor who had violated the automatic stay appeals that finding." 765 F.3d at 1102. That decision is pending rehearing en banc. *In re Schwartz-Tallard*, No. 12-60052, 2014 WL 7238219.